Marion Gordon **ROBERTSON**, Plaintiff,

v.

Paul N. **McCLOSKEY**, Jr., Defendant.

Civ. A. No. 86–2877.

United States District Court,
District of Columbia.

Feb. 8, 1988.

Douglas V. Rigler, Kaplan, Russin & Vecchi, Washington, D.C., for plaintiff.

George A. Lehner, Sloan, Lehner & Ruiz, and Roger C. Spaeder, Zuckerman, Spae-

der, Goldstein, Taylor & Kolker, Washington, D.C., for defendant.

## ORDER

JOYCE HENS GREEN, District Judge.

On April 15, 1987, counsel for defendant took the deposition of Colonel Good Burleson in this action. *See* Exhibit A to Plaintiff's Motion in Limine. Defendant has indicated in his pretrial brief that he intends to introduce this deposition at trial[1] and plaintiff has moved in limine to exclude it under Federal Rule of Evidence 403. For the reasons set forth below, plaintiff's motion will be denied.

Colonel Burleson is a retired Marine Corps officer. During the Korean War, Burleson was stationed in Tokyo, Japan and worked as an administrative aide in a unit that served as liaison for the Commanding General of the Far East Command to Army, Navy and Marine units located in Japan and Korea. Colonel Burleson testified in his deposition that, sometime during 1950 or 1951, his office received a telegram ordering that one specifically-named lieutenant, and several additional lieutenants, were to be taken from a Navy vessel and assigned to Camp Otsu, Japan. Deposition at 8–9. The telegram requested this reassignment, Burleson stated, because the father of the named lieutenant was a Congressman from Virginia. *Id.* at 11.

Plaintiff points out that Colonel Burleson does not recall many details surrounding the telegram incident[2] and that certain aspects of what Burleson does recall is contradicted by the testimony of other witnesses. Because of these infirmities, plaintiff argues that Burleson's testimony does not establish that plaintiff Robertson was the

lieutenant referred to in the telegram and should therefore be excluded because its probative value is outweighed by its potential prejudicial effects.

Although plaintiff has quite correctly illuminated the weaknesses in Burleson's proposed testimony, neither of those problems provides a sufficient ground for excluding it from use at trial. There is no doubt that Colonel Burleson does not remember many of the particulars of the event about which he testified and there is similarly no doubt that other witnesses have given testimony that appears to contradict Burleson's. If, however, a lack of memory or the presence of contradictory evidence were a sufficient basis for excluding testimony, few witnesses would survive a motion in limine.[3] Moreover, it is well-settled that "Rule 403 should be applied infrequently and cautiously by trial judges" and that unfair prejudice results from "[e]vidence that appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action." 1 J. Weinstein & M. Berger, *Weinstein's Evidence,* ¶ 403[02] at 403–27; ¶ 403[03] at 403–33–36 (1986). Colonel Burleson's deposition, however, implicates none of those dangers. Plaintiff's objections go to the *weight* of Colonel Burleson's testimony, a matter squarely within the province of the jury. The jurors are entitled to hear that testimony and weigh it for themselves.

Finally, plaintiff contends that Colonel Burleson's deposition should be excluded because of "the total lack of linkage between plaintiff and the message that Burleson allegedly received." Motion at 6. This argument, however, is an attack upon the *relevancy* of Burleson's testimony and

1. Burleson resides in St. Petersburg, Florida and thus is not subject to the compulsory process of this Court.

2. *See* Plaintiff's Motion at 3–5. For example, Burleson could not recall the identity of the named lieutenant, whether the individual was a first or second lieutenant, when he (Burleson) received the telegram or who sent it, the name

of the ship that carried the young lieutenants, and whether the named lieutenant's father was actually from Virginia.

3. This is especially so in the instant case, where the underlying events took place over 35 years ago and the testimony of many of the witnesses is in sharp conflict.

is best for a decision at the time of trial.[4]

Accordingly, it is hereby

ORDERED that plaintiff's motion in limine be and it hereby is denied.

---

**4.** Plaintiff cites *Faison v. Nationwide Mortgage Corp.,* 832 F.2d 616 (D.C.Cir.1987), and *United States v. Hernandez,* 780 F.2d 113 (D.C.Cir. 1987), for the proposition that it is reversible error to admit testimony about an event when the testimony does not specifically tie the party at issue to the event in question. *See* Motion at

**9.** These cases are, however, completely inapposite; each involved the attempt to introduce, under Fed.R.Evid. 404(b), "bad acts" evidence against a party when there was no showing that the individual had participated in the extrinsic acts in question.